UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SALAZAR and MATTHEW VALENCIA,<br><br>             Plaintiffs,<br><br>      v.<br><br>SYSCO CENTRAL CALIFORNIA, INC.,<br><br>             Defendant. | No.  1:15-cv-01758-DAD-SKO<br><br><br>ORDER GRANTING JOINT REQUEST TO SEAL DOCUMENTS<br><br>(Doc. No. 18) |

On December 2, 2016, the parties filed a joint stipulation and motion for approval of a settlement pursuant to California's Private Attorney General Act ("PAGA").  (Doc. No. 15.)  Therein, the parties stated that after engaging in mediation, they had agreed to a settlement of plaintiffs' claims, including their representative claims under PAGA.  On December 21, 2016, the court issued an order directing the parties to file supplemental briefing, including a copy of the fully executed settlement agreement for the court to review and approve.  (Doc. No. 16.)  On December 29, 2016, the parties submitted supplemental briefing as well as a request to seal portions of the settlement agreement not relevant to the court's consideration and approval.  For the reasons set forth below, the parties' request to seal is granted.

/////

/////

1

**LEGAL STANDARD**

There is strong presumption in favor of public access to court records. *See Phillips v. Gen Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The Ninth Circuit has distinguished between the public's interest in accessing court records filed in connection with dispositive and non-dispositive motions. *See In re Midland Nat'l Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *Kamakana*, 447 F.3d at 1172; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003); *Phillips*, 307 F.3d at 1213.

District courts in this circuit have differed on whether a motion to approve a settlement agreement is dispositive for sealing purposes. *See Select Portfolio Servicing v. Valentino*, No. C 12-0334 SI, 2013 WL 1800039, at *2 (N.D. Cal. Apr. 29, 2013) (collecting cases).  Nevertheless, this court concludes that because settlement of claims brought pursuant to PAGA require some degree of public oversight, *see* Cal. Lab. Code § 2699(*l*)(2), and because the proposed settlement agreement before the court will bind plaintiffs and other aggrieved employees thereby releasing them from certain claims, the parties' motion is dispositive for sealing purposes and the "compelling reasons" standard should apply here. *See, e.g.*, *Ambrosino v. Home Depot U.S.A., Inc.*, No. 11CV1319 L MDD, 2014 WL 931780, at *1 (S.D. Cal. Mar. 10, 2014) (applying "compelling reasons" standard in FLSA settlement context); *M.P. ex rel. Provins v. Lowe's Companies, Inc.*, No. 2:11-CV-01985-GEB, 2012 WL 1574801, at *1 (E.D. Cal. May 3, 2012) (applying "compelling reasons" standard for approval of minor's compromise); *see also Hall v. Cty. of Fresno*, No. 1:11-CV-2047-LJO-BAM, 2016 WL 374550, at *5 (E.D. Cal. Feb. 1, 2016) (noting propriety of "compelling reasons" standard in the class action settlement and EEOC consent decree contexts).

To demonstrate compelling reasons, a party is "required to present articulable facts identifying the interests favoring continued secrecy, and to show that these specific interests [overcome] the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations, quotation marks, and emphasis omitted).  The party seeking to seal a particular record bears the burden of meeting this standard.

*Id.* at 1178; *Foltz*, 331 F.3d at 1135.  "When sealing documents attached to a dispositive pleading, a district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1182 (internal citation, quotation marks, and emphasis omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010), *cert. denied sub nom. Experian Info. Solutions, Inc. v. Pintos*, 562 U.S. 1134 (2011) (vacating and remanding district court's denial of a sealing request where the court applied merely the good cause standard in addressing documents filed in connection with summary judgment motions).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 589 (1978)).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id*.

**DISCUSSION**

Here, the parties request that this court grant them leave to file a copy of the executed settlement agreement with the following sections redacted:

- Section 1, subsections A–E, on page 2;
- The final two complete paragraphs of Section 1 (immediately following subsection F and preceding Section 2), on page 3;
- Section 10.5, on page 7; and
- The name, signature, and title of the signatory for defendant Sysco Central California, Inc.

The court finds that the parties have presented sufficiently "compelling reasons" for the sealing these portions of the settlement agreement.  These sections of the agreement pertain to aspects of the parties' agreement that are not relevant to settlement of plaintiff's PAGA claims.  Thus, but for plaintiffs' PAGA claims, the parties would have had no reason to submit these portions of the agreement to the court for approval, or otherwise publicly disclose these terms.

3

Accordingly, in recognition of the parties' interests in keeping the terms of their non-PAGA-related settlement terms confidential and the minimal public interest in disclosure, the court finds good cause to grant the parties' request to seal.

## CONCLUSION

For the reasons set forth above,

1. The parties' joint request to seal portions of the settlement agreement (*see* Doc. No. 18) is granted;

2. The parties are directed to submit copies of (1) their Joint Request to Seal Documents; (2) the Declaration of Aaron M. Rutschman, including an unredacted copy of the settlement agreement; and (3) their proposed order, to the Clerk of the Court within seven days of the date of this order, to be filed under seal in accordance with Local Rule 141(e)(2)(i); and

3. The parties are further directed to electronically file, within seven days of the date of this order, a redacted copy the settlement agreement in support of their joint stipulation and motion for approval, with the following sections redacted:

    - Section 1, subsections A–E, on page 2;
    - The final two complete paragraphs of Section 1 (immediately following subsection F and preceding Section 2), on page 3;
    - Section 10.5, on page 7; and
    - The name, signature, and title of the signatory for defendant Sysco Central California, Inc.

IT IS SO ORDERED.

Dated: **January 5, 2017**

_____
UNITED STATES DISTRICT JUDGE

4